# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

                Plaintiff,

v.

CAPTAIN ANDERSON,
COII EDWARDS, and COII ABBOTT,

                Defendants.

Case No. 18-CV-140-JPS

**ORDER**

Plaintiff, who is incarcerated at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #5). Plaintiff has been assessed and paid an initial partial filing fee of $83.23. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he has been diagnosed with hypertrophic arthritis and, as a result, has received a special handling order in his medical file for use of leather (as opposed to metal) restraints during transport. (Docket #1 at 2). On September 27, 2016, Plaintiff was scheduled to be transported to an outside hospital and CO Abbott ("Abbott") placed Plaintiff in metal restraints for the transport. Plaintiff informed Abbott of his medical condition and his handling order, but Abbott said he did not see such an order in the computer and transported Plaintiff in metal restraints to and from the hospital. *Id.* Plaintiff filed an inmate grievance concerning this incident, and it was affirmed by the inmate complaint examiner ("ICE"). *Id.*

On October 12, 2016, Plaintiff was again scheduled to be transported to an outside hospital and Abbott again placed Plaintiff in metal restraints. *Id.* Plaintiff informed Abbott again that he had a special handling order for use of leather restraints. Abbott told Plaintiff that he checked the computer again and did not see an order for leather restraints. *Id.* at 2–3. Abbott placed Plaintiff in metal restraints and transported him to the hospital, where he

remained shackled to a hospital bed for two days before being transported back to RCI in metal restraints. *Id.* at 3. Plaintiff filed an inmate grievance about this incident as well, and it was affirmed. *Id.*

On October 30, 2017, Plaintiff was again scheduled to be transported to an outside hospital and CO Edwards ("Edwards") placed Plaintiff in metal restraints. *Id.* Plaintiff informed Edwards of his medical condition and encouraged Edwards to check the computer for the handling order regarding leather restraints. *Id.* Edwards told Plaintiff that "C-Link does not have another set of leather restraints," and ordered that Plaintiff be put in metal restraints. *Id.* Plaintiff was transported to and from his medical appointment in metal restraints. *Id.* Plaintiff filed an inmate grievance about this incident as well, and it was affirmed. *Id.* Plaintiff alleges that these incidents caused him to suffer both physical and psychological injuries. *Id.*

Plaintiff's complaint crosses the low threshold set at screening to state a claim for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Abbott and Edwards. To sustain such a claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). At the present stage, the Court, generously construing Plaintiff's allegations, finds that he states a claim against

Defendants Abbott and Edwards for deliberate indifference to his serious medical needs.

However, Plaintiff will not be allowed to proceed against Captain Anderson ("Anderson"). He is named as a defendant but the complaint includes no allegations about him. Individual liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quotation omitted). Anderson will, therefore, be dismissed.

Thus, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Abbott and Edwards. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #5) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Captain Anderson be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the

filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge