# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

                        Plaintiff,

v.

CAPTAIN ANDERSON, RONALD
EDWARDS, SPENCER ABBOTT,
WARDEN PAUL S. KEMPER,
WISCONSIN DEPARTMENT OF
CORRECTIONS, RACINE
CORRECTIONAL INSTITUTION,
DEPUTY WARDEN S. JOHNSON,
and SECURITY DIRECTOR
ALDANA,

                        Defendants.

Case No. 18-CV-140-JPS

**ORDER**

Plaintiff, who is incarcerated at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). The Court screened Plaintiff's complaint and allowed him to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Ronald Edwards ("Edwards") and Spencer Abbott ("Abbott"). (Docket #13 at 4–5). Plaintiff then filed a motion to amend his complaint, along with a proposed amended complaint, (Docket #14), as well as an updated amended complaint, (Docket #20). The proposed amended complaint and the updated amended complaint appear to be identical, or nearly so. The Court will consider the later-filed amended complaint, (Docket #20), as the operative pleading.

The Court will screen the amended complaint pursuant to 28 U.S.C. § 1915A(a). All of the standards applicable to screening announced in the Court's original screening order apply here. (Docket #13 at 1–3).

Plaintiff's amended complaint is premised on the same operative facts as was his original complaint. In short, Plaintiff alleges that because of his hypertrophic arthritis, he has a special handling order in his medical file for use of leather (as opposed to metal) restraints during transport. (Docket #20 at 2). Despite this order, officers Edwards and Abbott transported him on several occasions using metal restraints. *Id.* at 3–5. The only material difference between Plaintiff's original and amended complaints is that Plaintiff has attempted to add six defendants: RCI, the Wisconsin Department of Corrections ("WDOC"), warden Paul Kemper ("Kemper"), deputy warden S. Johnson ("Johnson"), security director Aldana ("Aldana"), and transportation captain Anderson ("Anderson").[1]

The Court will allow the addition of Kemper, Johnson, Aldana, and Anderson as defendants. Plaintiff alleges that he submitted numerous inmate grievances about the use of metal restraints, which were affirmed by the complaint examiner, and that at least some of those affirmed grievances were sent to Kemper, Johnson, and Aldana. (Docket #20 at 3–6). He also alleges that he wrote to Anderson personally to inform him of the chronic problem, and Anderson acknowledged receiving the correspondence. *Id.* at 5. These officials cannot be liable for the actions of

---

[1]Plaintiff also included myriad citations to various Wisconsin civil and criminal statute sections ("summary judgment," "elder abuse," and "criminal recklessness," for example) throughout his complaint. These citations are not tied to the allegations of his complaint in a meaningful way, and the Court does not find that they state any additional causes of action beyond those on which Plaintiff has been allowed to proceed.

other prison officials simply because they have supervisory roles in the prison. Rather, they are responsible only for their own conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye"). However, construing Plaintiff's allegations generously, it appears that Kemper, Johnson, Aldana, and Anderson knew about the persistent, recurring nature of the problem and did nothing to abate it. Under the lenient standard of review applied at screening, the Court finds that Plaintiff may proceed on an Eighth Amendment claim of deliberate indifference to his medical needs against these defendants.

Plaintiff will not be permitted to proceed against the other two defendants he has attempted to add, RCI and WDOC. Plaintiff's Eighth Amendment claim arises under 42 U.S.C. § 1983, pursuant to which a person may bring a cause of action against *persons* who "under color of any statute, ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. WDOC and RCI are not "persons" that may be sued under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

In sum, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Edwards, Abbott, Kemper, Johnson, Aldana, and Anderson. 28 U.S.C. § 1915A(b). Plaintiff's motion to file an amended complaint will be granted in part as reflected in this Order. The amended complaint appearing at Docket No. 20 is the operative complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to file an amended complaint (Docket #14) be and the same is hereby **GRANTED in part as reflected in this Order**;

**IT IS FURTHER ORDERED** that Defendants Wisconsin Department of Corrections and Racine Correctional Institution be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint, (Docket #20), and this Order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint, (Docket #20), within sixty (60) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge