# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>      Plaintiff,<br><br>v.<br><br>KEVIN ANDERSON, RONALD EDWARDS, SPENCER ABBOTT, PAUL S. KEMPER, STEVEN JOHNSON, and JASON ALDANA,<br><br>      Defendants. | Case No. 18-CV-140-JPS<br><br><br>**ORDER** |

  On January 26, 2018, Plaintiff, who is incarcerated at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). The crux of Plaintiff's complaint is that because of his hypertrophic arthritis, he has a special handling order in his medical file for use of leather (as opposed to metal) restraints during transport. Despite this order, several officers transported him on several occasions using metal restraints.

  The Court screened Plaintiff's complaint and allowed him to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Ronald Edwards ("Edwards") and Spencer Abbott ("Abbott"). (Docket #13 at 4–5). Plaintiff then filed an amended complaint. (Docket #20). The Court screened the amended complaint and allowed Plaintiff to proceed against several additional defendants: Paul Kemper ("Kemper"), Deputy Warden S. Johnson ("Johnson"), Security Director Aldana ("Aldana"), and Captain Anderson ("Anderson"). (Docket #21).

On February 15, 2019, Plaintiff filed a motion for leave to file a second amended complaint. (Docket #27). He explains that on January 22, 2019, he received interrogatory responses from Defendants that included information about three additional officers who were involved in the events alleged in this lawsuit: Anthony White ("White"), Peter Decker ("Decker"), and Michael Fenkl ("Fenkl").[1] *Id.* He claims not to have known the identities of these officers prior to receiving Defendants' discovery responses. *Id.* In his proposed second amended complaint, Plaintiff alleges that each of these three officers were at some point involved in transporting him with metal restraints, despite their knowledge of Plaintiff's medical restriction requiring only leather restraints be used on him. (Docket #27-1 at 2–3). The currently-named Defendants do not object to Plaintiff's request for leave to amend his complaint. (Docket #31).

Under the lenient standard of review applied at screening, the Court finds that Plaintiff may proceed on an Eighth Amendment claim of deliberate indifference to his medical needs against White, Decker, and Fenkl, in addition to the defendants already named in this case. 28 U.S.C. § 1915A. Plaintiff's motion for leave to file a second amended complaint will be granted, and the second amended complaint will become the operative pleading. (Docket #27-1).

In light of this amendment, the Court would typically order service on the newly-named defendants under the informal service agreement between the Wisconsin Department of Justice ("WDOJ") and this Court. That agreement permits defendants sixty days to file a responsive pleading.

---

[1] Plaintiff also implies that he seeks to add Ronald Edwards, but Edwards is already a defendant in this case.

However, the WDOJ indicated, in response to Plaintiff's motion to file a second amended complaint, that if the Court were to grant Plaintiff's motion, the WDOJ as counsel for the new defendants would like discovery reopened and the dispositive motion deadline (currently set for March 1, 2019) extended. (Docket #29). The Court will treat this motion as having been filed on behalf of the newly-named defendants and, finding the request reasonable, will grant it. The discovery cutoff date will be extended to April 15, 2019, and the dispositive motion deadline will be extended to June 1, 2019. Plaintiff's motion to stay the summary judgment deadline, (Docket #28), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a second amended complaint (Docket #27) be and the same is hereby **GRANTED**. The second amended complaint, (Docket #27-1), shall be the operative pleading in this matter;

**IT IS FURTHER ORDERED** that Defendants' motion to stay the dispositive motion deadline and reopen discovery (Docket #29) be and the same is hereby **GRANTED in part**, insofar as the discovery and dispositive motions deadlines will both be extended. The discovery cutoff date will be extended to April 15, 2019, and the dispositive motion deadline will be extended to June 3, 2019; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay the dispositive motion deadline (Docket #28) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge