# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>      Plaintiff,<br><br>v.<br><br>RONALD EDWARDS, ANTHONY WHITE, PETER DECKER, and MICHAEL FENKL,<br><br>      Defendants. | Case No. 18-CV-140-JPS<br><br>**ORDER** |

On May 7, 2020, all parties that appeared in this case filed a joint stipulation of dismissal of this action with prejudice and without costs. (Docket #73). On May 11, 2020, the Court adopted the stipulation and dismissed the action with prejudice and without costs to any party. (Docket #74). Months later, Plaintiff filed two motions for an order for partial performance and partial breach violation of the settlement agreement. (Docket #75, #78). Specifically, the motions relate to Plaintiff's concern with TV reception in the prison. It appears that the subject may have been addressed during settlement negotiations, but the settlement agreement itself is silent on the matter. (*Id.*) The motions have been fully briefed and, for the reasons which follow, the motions will be denied.

  The Seventh Circuit has explained that:

> Suits for breach of contract, including those to enforce ordinary settlements, arise under state law. They cannot be adjudicated in federal court unless there is an independent basis of subject-matter jurisdiction, such as diversity. There is an exception, inapplicable here, for settlements "embodied in a consent decree or some other judicial order or unless

jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice)."

*Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015) (quoting *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)).

In this case, the dismissal was unconditional, with prejudice, and the Court did not deliberately retain jurisdiction on this matter after dismissal. *See Jones*, 778 F.3d at 573. Therefore, there is no federal jurisdiction over this matter to enforce the settlement agreement, and Plaintiff's motions must be denied. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1189–90 (7th Cir. 1985) ("An unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b).").

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for partial performance and partial breach violation (Docket #75, #78) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge